Joshua Adam Kaplan

      Debtor.

_____/

ZB Verified Investments LLC,

      Plaintiff,

v.

Joshua Kaplan,

      Defendants.

_____/

Chapter 7
Case No. 25-48523-tjt

Hon. Thomas J. Tucker

Adv. P. Case No. 25-4234

## PLAINTIFF'S EX PARTE MOTION FOR LEAVE TO REDACT AND FILE PORTIONS OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT UNDER SEAL

Plaintiff ZB Verified Investments LLC ("ZB"), by and through its attorneys, Taft Stettinius & Hollister LLP, hereby respectfully moves the Court for an Order authorizing ZB to file redacted documents on the public docket and unredacted documents under seal in connection with its upcoming *Motion for Summary Judgment* pursuant to Section 107 of the Bankruptcy Code, Federal Rule of Civil Procedure 5.2(d), and Eastern District of Michigan Local Rule 5.3.

As set forth in the accompanying Brief in Support, the information ZB seeks to seal is subject to protective orders, including one filed in the related state case,

and contains information marked confidential by the parties which is now critical to

ZB's *Motion for Summary Judgment*. An index of the materials ZB seeks to seal and

the legal support for sealing these materials are set forth in the accompanying Brief

in Support of Plaintiff's Motion to Seal.

Respectfully submitted,

**TAFT STETTINIUS & HOLLISTER LLP**

/s/ Kimberly Ross Clayson
Kimberly Ross Clayson(P69804)
Ethan R. Holtz (P71884)
Emily M. Mayer (P78956)
27777 Franklin Road, Suite 2500
Southfield, MI 48034
(248) 351-3000
kclayson@taftlaw.com
eholtz@taftlaw.com
emayer@taftlaw.com

Dated: February 27, 2026

*Counsel for Plaintiff, ZB Verified Investments, LLC*

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHER DIVISION

Joshua Adam Kaplan

      Debtor.

_____/

ZB Verified Investments LLC,

      Plaintiff,

v.

Joshua Kaplan,


      Defendants.

_____/

Chapter 7
Case No. 25-48523-tjt

Hon. Thomas J. Tucker


Adv. P. Case No. 25-4234

## **BRIEF IN SUPPORT OF PLAINTIFF'S EX PARTE MOTION FOR LEAVE TO REDACT AND FILE PORTIONS OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT UNDER SEAL**

<u>**INTRODUCTION**</u>

Plaintiff ZB Verified Investments LLC ("<u>ZB</u>") moves the Court under Federal Rule of Civil Procedure 5.2(d) and Eastern District of Michigan Local Rule 5.3 for leave to file redacted documents on the public docket and unredacted documents under seal in connection with ZB's upcoming *Motion for Summary Judgment*. The documents ZB seeks to file under seal are those marked confidential pursuant to a Stipulated Protective Order filed in the parties' related state level case. And indeed, the confidential information ZB seeks to include in its *Motion for Summary Judgment* is critical to demonstrate that Defendant fraudulently induced ZB to enter into the loan which it has since failed to pay back pursuant to its obligations under a related guarantee. As outlined below, the redactions are narrowly tailored and focus on the asserted confidential information.

## I. <u>STANDARD OF REVIEW</u>

The Protective Order entered in this case (**ECF No. 25-04234-tjt, Doc 17**) provides:

> Under Section 107 of the Bankruptcy Code the parties are not to file documents under seal without prior Court approval. The party seeking to file any paper under seal must file and serve a motion under 11 U.S.C. § 107(b) that (1) describes each item proposed for sealing; (2) states the reason sealing each item is necessary and identifies the specific interest to be protected; (3) explains why there is no less restrictive means to adequately and effectively protect the specific interest; and (4) includes a memorandum of legal authority supporting the motion. The movant may not file or otherwise tender to the Clerk any item proposed for

2

sealing unless the Court has granted a motion brought under 11 U.S.C. § 107(b). [*Id.* at 8-9].

Similarly, and pursuant to Eastern District of Michigan Local Rule 5.3(b), a party seeking to file a document under seal must file and serve a motion setting forth the authority for sealing and the reasons sealing is appropriate. E.D. Mich. L.R. 5.3(b) includes specific procedural requirements attendant to such a motion. The motion must contain:

(i) an index of documents which are proposed for sealing and, as to each document, whether any other party objects;

(ii) a description of any non-party or third-party privacy interests that may be affected if the documents or portions thereof to be sealed were publicly disclosed on the court record;

(iii) whether the proposed sealed material was designated as 'confidential' under a protective order and by whom;

(iv) for each proposed sealed exhibit or document, a detailed analysis, with supporting evidence and legal citations, demonstrating that the request to seal satisfies controlling legal authority;

(v) a redacted version of the document(s) to be sealed, filed as an exhibit to the motion, unless the proponent of filing is seeking to file the entire document under seal; and

(vi) an unredacted version, filed as a sealed exhibit, of the document that is sought to be filed under seal, highlighted to indicate redacted material.

E.D. Mich. L.R. 5.3(b)(3)(A)

To justify sealing a document or record, a movant "must show three things: (1) a compelling interest in sealing the records; (2) that the interest in sealing outweighs the public's interest in accessing the records; and (3) that the request is

narrowly tailored." *Kondash v. Kia Motors Am., Inc.,* 767 F. App'x 635, 637 (6th Cir. 2019)) (citing *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan,* 825 F.3d 299, 305 (6th Cir. 2016)).

## II. <u>ARGUMENT</u>

ZB seeks to file under seal portions of ZB's *Motion for Summary Judgment* only to the extent it contains references to information designated as confidential under the Stipulated Protective Order filed in the parties' related state level case. In particular, the confidential information is relevant to ZB's *Motion for Summary Judgment* and demonstrates Defendant's breach of the Guaranty between the parties, Defendant's fraudulent statements made to induce ZB to make the loan and keep it invested, and the utter lack of merits of any defense based on usury or otherwise.

The disclosure would adversely affect Defendant, and the Defendants in the State level case, insofar as the information was previously designated as confidential, and contains financial information of Defendant, the names and information of other investors involved in Defendant's business, and a notice of suspension issued to Defendant by the CMS.

Pursuant to the Protective Order, ZB provides the following index of documents it proposes to seal, including a description of the proposed redactions:

| Document Description | Necessity of Document |
|---|---|
| June 27, 2023 CMS Notice of Suspension, wherein Defendants are notified of the suspension of Medicare payments due to credible allegations of fraud. [Bates: Orchard_ZB_000012-15]. | This information is necessary to demonstrate that the Defendant knew that Medicaid payments had been suspended, implicating the legitimacy of his business, which is relevant to the consideration of nondischargeability based on Defendant's fraudulent statements regarding the same. |
| Verified Health Investment Vehicle Spreadsheet, wherein the state action Defendants tracked all loans, terms, interest rates, payment schedules, and equity allocations across their entire investor base. [Bates: VerifiedHealth0000009]. | This information is necessary to demonstrate the terms of other lenders' loans, relevant to demonstrate that Plaintiff was induced to loan money based on fraudulent promises, and is further relevant to Defendant's affirmative defense of usury. |
| Portions of Defendant's business, Supply Line International, LLC's, Flagstar bank statements. [Bates: FLAGSTAR_000059-75]. | This information is necessary to demonstrate where the loan money was spent, which is relevant to demonstrate that Plaintiff's claim is excepted from dischargeability pursuant to 11 USC 523. This information is not otherwise available to Plaintiff. |
| Portions of Defendant's business Divided Sky's invoices and vendor information related to the testing program. [Portions of Bates: DividedSkyZB0000437-876] | This information is necessary to demonstrate where the loan money was spent, which is relevant to demonstrate that Plaintiff's claim is excepted from dischargeability pursuant to 11 USC 523. This information is not otherwise available to Plaintiff. |
| Portions of Defendant's American Express credit card statements. [Portions of Bates: AMEX_000001-2595]. | This information is necessary to demonstrate where loan money was spent, which is relevant to demonstrate that Plaintiff's claim is excepted from dischargeability pursuant to 11 USC 523. This information is not otherwise available to Plaintiff. |

5

The Defendants in the related State level case, who designated these documents as confidential pursuant to a Stipulated Protective Order, have previously refused to de-designate these particular documents as confidential. The parties previously conferred and were able to de-designate many other documents - these are the only documents that remain both relevant and confidential to the upcoming *Motion for Summary Judgment*. These documents will be redacted in their entirety.

Sealing each item is necessary because the Defendants in the State level case, the producing parties, designated their discovery as CONFIDENTIAL, as the discovery contains confidential information, including the identities of other lenders whom made investments into Divided Sky, the terms of those other investors' loans, and correspondence with the Centers for Medicare & Medicaid Services. Similarly, the Defendants in the state level case, the party who designated the non-party discovery as confidential, did so because the non-party discovery contains confidential information such as private banking information.

ZB has no other way of adequately portraying this information or presenting this evidence to the Court within its *Motion for Summary Judgment* without attaching and relying upon the information in the above-described documents. The information is not otherwise publicly available and is not otherwise within ZB's possession.

Courts have consistently held that "the decision as to when judicial records should be sealed is left to the sound discretion of the district court…" *In re Knoxville News-Sentinel Co, Inc*, 723 F2d 470, 474 (6th Cir 1983). The determination of whether a party can file documents under seal is made on a case-by-case basis. *Zellerino v Roosen,* No. 14-12715, 2015 WL 13036940, at *1 (ED Mich July 1, 2015) (citing *Nixon v Warner Communications Inc*, 435 US 589, 599 (1978)). **Exhibit A**. Other courts in this Circuit have noted that "[p]rotecting proprietary information that is not of public interest . . . is a compelling reason to seal information." *Rollinger v. FCA US LLC,* 2022 WL 18859657, at *1 (E.D. Mich. 2022) (citing *Jackson v. Gen. Elec. Aviation,* 2020 WL 5290535, at *3 (S.D. Ohio 2020) ("[T]he information the parties seek to seal is not a matter of public concern.")). **Exhibit B**. The preservation of confidential information of parties and nonparties is a compelling reason to seal portions of ZB's upcoming *Motion for Summary Judgment* referencing material from sealed exhibits, which outweighs the public's interest in viewing these records.

Finally, ZB's request is narrowly tailored. In the state level case, ZB conferred with the other parties to de-designate as many documents as possible. The parties were able to de-designate a wide variety of documents to tailor the remaining confidential documents to a narrow subset of the overall. The documents sought to be sealed are only a small portion of the overall documents produced in discovery in

7

the state level case, and are a small portion of the exhibits to be filed in the upcoming *Motion for Summary Judgment*. See *Proctor & Gamble Co. v. Ranir, LLC,* No. 1:17-CV-185, 2017 WL 3537195, at *3 (S.D. Ohio Aug. 17, 2017) (finding proposed redactions narrowly tailored where proposed redactions applied to three of ten exhibits). **Exhibit C**.

Ex parte relief is appropriate because these are records that Defendant seeks to keep confidential, and indeed, Defendant sought ZB's concurrence for the entry of the Protective Order in this case (**ECF No. 25-04234-tjt, Doc 17**) which included the procedures for filing under seal. No other party, other than Defendant, would receive notice of the relief requested, either. Therefore, there is good cause for granting the motion on an ex parte basis.

## <u>CONCLUSION</u>

For the reasons set forth above, ZB respectfully requests that the Court grant it leave to file redacted documents on the public docket and unredacted documents under seal in connection with its upcoming *Motion for Summary Judgment*.

Respectfully submitted,

**TAFT STETTINIUS & HOLLISTER LLP**

/s/ Kimberly Ross Clayson
Kimberly Ross Clayson(P69804)
Ethan R. Holtz (P71884)
Emily M. Mayer (P78956)
27777 Franklin Road, Suite 2500
Southfield, MI 48034
(248) 351-3000
kclayson@taftlaw.com
eholtz@taftlaw.com
emayer@taftlaw.com

Dated: February 27, 2026

*Counsel for Plaintiff, ZB Verified Investments, LLC*

# EXHIBIT A

2015 WL 13036940
Only the Westlaw citation is currently available.
United States District Court, E.D.
Michigan, Southern Division.

Janice ZELLERINO, Plaintiff,

v.

Andrew ROOSEN, and Salem Shubash d/
b/a Armored Investment Group, Defendants.

Case Number 14-12715
|
Signed 07/01/2015

**Attorneys and Law Firms**

Amanda Marie Waldron, Carl Schwartz, Ian B. Lyngklip, Lyngklip & Associates Consumer Law Center, Southfield, MI, for Plaintiff.

Robert J. Hahn, Cummings, McClorey, Livonia, MI, for Defendants.

## ORDER DENYING MOTION TO SEAL

DAVID M. LAWSON, United States District Judge

**\*1** Presently before the Court is the plaintiff's motion to file under seal an exhibit to her supplemental brief in response to the defendants' motion to dismiss. The premise of the motion is that a party to the lawsuit has designated the document(s) as "confidential" during discovery production. The plaintiff believes that it may not file an item so designated because of the terms of a protective order the Court entered earlier in the case on the parties' stipulation.

The protective order, however, permits parties to submit designated "confidential" documents to the Court. The order does not compel or permit a party to submit any filings under seal. Neither the protective order nor the designation of discovery products as "confidential" justifies the request to file the proposed exhibit under seal.

There may be other reasons to seal a court filing. It is well established that this Court, as every other court, "has supervisory power over its own records and files." *Nixon v. Warner Communications Inc.*, 435 U.S. 589, 598 (1978). Such authority includes fashioning protective orders that limit

access to certain court documents. *See* Fed. R. Civ. P. 26(c). However, the district court's power to seal records is subject to the "long-established legal tradition" of open access to court documents. *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1177 (6th Cir. 1983). In exercising its discretion to seal judicial records, the Court must balance the public's common law right of access against the interests favoring nondisclosure. *See Nixon*, 435 U.S. at 599, 602 (stating that Court must consider "relevant facts and circumstances of the particular case"); *Belo Broadcasting Corp. v. Clark*, 654 F.2d 423, 434 (5th Cir. 1981); *see also Bank of Am. Nat'l Trust & Sav. Ass'n v. Hotel Rittenhouse Assocs.*, 800 F.2d 339, 344 (3d Cir. 1986) (court has a duty to "balance the factors favoring secrecy against the common law presumption of access"); *Newman v. Graddick*, 696 F.2d 796, 803 (11th Cir. 1983) ("The historic presumption of access to judicial records must be considered in the balance of competing interests.").

It was observed in *Tinman v. Blue Cross & Blue Shield of Michigan*, 176 F. Supp. 2d 743 (E.D. Mich. 2001), that to have confidential information in a court record kept under seal, the movant must make a specific showing that disclosure of information would result in some sort of serious competitive or financial harm. *Id.* at 745. "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). A showing of substantial personal or financial harm is a prerequisite to an order sealing a file.

The plaintiff has not offered any reason for sealing its proposed exhibit, other than that Equifax designated the document as "confidential information" under the Court's protective order. As noted above, that is not a sufficient reason to depart from the general and important rule of allowing public access to court filings.

**\*2** Additionally, the plaintiff does not indicate in her motion that she convened a conference with opposing counsel—or attempted to do so—to obtain concurrence in her motion. In this district, movants must seek concurrence in the relief requested before filing a motion for relief in this Court. E.D. Mich. LR 7.1(a). To meet this requirement, Local Rule 7.1(a)(2) explains that there must be "a conference between the attorneys ... in which the movant explained the nature of the motion and its legal basis and requested but did not obtain concurrence in the relief sought." LR 7.1(a)(2)(A). If a conference was not possible, then the counsel for the

25-04234-tjt    Doc 20    Filed 03/02/26    Entered 03/02/26 10:39:37    Page 13 of 23

movant must certify that "despite reasonable effort *specified in the motion or request*, the movant was unable to conduct a conference." LR 7.1(a)(2)(B) (emphasis added).

The plaintiff does not indicate in her motion that she sought, but did not obtain, concurrence in her motion. "It is not up to the Court to expend its energies when the parties have not sufficiently expended their own." *Hasbro, Inc. v. Serafino, 168 F.R.D. 99, 101 (D. Mass. 1996).* The plaintiff filed her

motion in violation of the applicable rules. Therefore, the plaintiff's motion will be denied.

Accordingly, it is **ORDERED** that the plaintiff's motion to seal [dkt. #44] is **DENIED.**

**All Citations**

Not Reported in Fed. Supp., 2015 WL 13036940

---

**End of Document** © 2026 Thomson Reuters. No claim to original U.S. Government Works.

WESTLAW  © 2026 Thomson Reuters. No claim to original U.S. Government Works.

# EXHIBIT B

2022 WL 18859657
Only the Westlaw citation is currently available.
United States District Court, E.D.
Michigan, Southern Division.

Kathleen ROLLINGER, et al., Plaintiffs,

v.

FCA US LLC, Defendant.

Case No. 2:20-cv-11242
|
Signed November 28, 2022

**Attorneys and Law Firms**

Jeffrey T. Stewart, Johnson Law, PLC, Detroit, MI, for Plaintiffs.

Bishop A.L.E. Bartoni, Derek J. Linkous, Dylan Goodwin, Michael A. Ohly, William E. McDonald, III, Bush Seyferth and Paige, PLLC, Troy, MI, for Defendant.

## ORDER GRANTING MOTION TO FILE CONFIDENTIAL SETTLEMENT INFORMATION UNDER SEAL [63]

STEPHEN J. MURPHY, III, United States District Judge

**\*1** Plaintiffs moved to file confidential settlement information under seal. ECF 63, PgID 1682. Defendant concurred in the motion. *Id.* at 1684. Plaintiffs attached a redacted confidential addendum containing the monetary terms of the settlement. ECF 63-1, PgID 1693. Plaintiffs argued that sealing was warranted because the settlement was conditioned on confidentiality and the "interests involved in this case are purely private and do not implicate the public interest." ECF 63, PgID 1684.

The Sixth Circuit favors a "strong presumption in favor of open[ ]" court records. *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (quotation omitted); *see also* E.D. Mich. L. R. 5.3(c). To overcome the strong presumption, a party must show "a compelling reason" that is "narrowly tailored to serve that reason." *Id.* (citation omitted). The Court also has an independent "obligation to explain the basis for sealing court records" by setting "forth specific findings and conclusions which justify nondisclosure to the public." *Id.* at 306 (quotation omitted).

The Court will grant the motion to seal because, based on the Court's independent review, the redactions in the confidential addendum are necessary and narrowly tailored. *See id.* at 305–06 (explaining the standard for filing documents under seal). Protecting proprietary information that is not of public interest—like the information in the confidential addendum—is a compelling reason to seal information. *See Jackson v. Gen. Elec. Aviation*, No. 1:19-cv-629, 2020 WL 5290535, at *3 (S.D. Ohio Sept. 4, 2020) ("[T]he information the parties seek to seal is not a matter of public concern."). The redactions in the confidential addendum allow the public to see that the parties settled their differences and that Defendant paid some amount of money to Plaintiffs, but it withholds information that is not of concern to the public, such as the amount of the settlement. On that basis, the redactions are narrowly tailored, and the Court will grant the motion to seal. The Court appreciates the parties' effort in preparing and submitting the redactions.

**WHEREFORE**, it is hereby **ORDERED** that Plaintiffs' motion to file confidential settlement information under seal [63] is **GRANTED**.

**SO ORDERED.**

**All Citations**

Not Reported in Fed. Supp., 2022 WL 18859657

---

© 2026 Thomson Reuters. No claim to original U.S. Government Works.

# EXHIBIT C

2017 WL 3537195
Only the Westlaw citation is currently available.
United States District Court, S.D. Ohio, Western Division.

The PROCTOR & GAMBLE COMPANY, Plaintiff,

v.

RANIR, LLC, Defendant.

Case No. 1:17-cv-185
|
Signed 08/17/2017

**Attorneys and Law Firms**

Kenneth Scott Luchesi, Susan M. Gerber, David M. Maiorana, Jones Day, Cleveland, OH, for Plaintiff.

Eric Wade Richardson, David Frederick Hine, Vorys Sater Seymour & Pease LLP, Cincinnati, OH, Adam Reis, Barry Irwin, Ifti Zaim, Reid Huefner, Irwin IP LLC, Burr Ridge, IL, for Defendant.

## ORDER GRANTING MOTIONS TO SEAL

Timothy S. Black, United States District Judge

**\*1** This civil case is before the Court on several motions to seal that remain pending as the Court prepares to enter an Order granting the motion of Ranir, LLC ("Ranir") to dismiss for improper venue. Though this case is terminating, the Court enters this Order for the purpose of ensuring compliance with the Sixth Circuit's mandate that court dockets are to remain open to the public except when there are compelling reasons for concealment.

## I. INTRODUCTION

This is a patent-infringement case. On March 20, 2017, The Proctor & Gamble Company ("P&G") filed the Complaint, which alleges Ranir is infringing patents held by P&G used in tooth whitening strip products. (Doc. 1). P&G also filed a motion for preliminary injunction. (Doc. 8).

On April 17, 2017, Ranir filed an unopposed motion for leave to file its opposition to P&G's motion ("Opposition") under seal. (Doc. 18). Ranir argued that its Opposition would cite, and attach, exhibits that P&G had labeled as "Confidential"

or "Highly Confidential—Attorney Eyes Only" in discovery. (*Id.*) Ranir requested that it be permitted to file the Opposition under seal in order to maintain the confidentiality of P&G's documents. (*Id.*)

On April 18, 2017, the Court entered an Order Conditionally Granting Ranir's request. (Doc. 19). The Court's Order explained that the Sixth Circuit requires a party moving to seal court records to set forth a compelling reason for the seal and demonstrate that the seal is narrowly tailored to that reason. (*Id.* at 3-4). However, the Court conditionally granted the motion in order to allow Ranir to timely file its Opposition, stating:

> Defendant's motion to file under seal (Doc. 18) is **CONDITIONALLY GRANTED.** Accordingly, Defendant may file its response to Plaintiff's motion for preliminary injunction under seal, however, the seal will expire in 30 days from filing unless (1) the parties successfully move to seal the filing (or portions of the filing) under the standards set forth by the Sixth Circuit Court of Appeals or (2) the parties move to extend the conditional period on the basis that a motion to seal is pending before this Court.

(Doc. 19 at 6).

On April 18, 2017, Ranir filed its Opposition entirely under seal. (Doc. 21).

On April 26, 2017, P&G filed a motion to file its reply in support of its motion for preliminary injunction ("Reply") under seal. (Doc. 24). On April 26, 2017, P&G filed an unredacted version of its Reply under seal (Doc. 25) and a redacted version on the public docket (Doc. 26).

On April 28, 2017, Ranir filed a motion to strike portions of P&G's Reply, or in the alternative, for leave to file a sur-reply in response to the Reply brief ("Motion for Sur-Reply") (Doc. 28). Ranir attached a redacted version of its proposed Sur-Reply (Doc. 28-1) and filed a motion to file the complete,

25-04234-tjt Doc 20 Filed 03/02/26 Entered 03/02/26 10:39:37 Page 18 of 23

unredacted version of its proposed Sur-Reply under seal (Doc. 27).

On May 5, 2017, Ranir filed an opposition to P&G's motion to file the Reply brief under seal. (Doc. 31). Curiously, Ranir also requested that the Court lift the seal on Ranir's own Opposition, and deny Ranir's own motion for leave to file its proposed Sur-Reply under seal, on the grounds that the P&G documents Ranir cited, and attached, in those briefs are not entitled to be sealed. (*Id.* at 10-13).

**\*2** On May 12, 2017, P&G filed a reply in support of its motion to seal its Reply brief and an opposition to Ranir's request to unseal its own Opposition and proposed Sur-Reply. (Doc. 33). P&G argues that Ranir's Opposition, P&G's Reply, and Ranir's proposed Sur-Reply all contain P&G's trade secrets and other confidential information which would harm P&G if made public. (*Id.*) P&G submitted a disk to Chambers which highlights the confidential information in each of these three briefs that P&G argues should be sealed and redacted on the public docket. (*Id.* at 4).

On August 17, 2017, the Court entered an Order granting Ranir's motion to dismiss for lack of venue and denying, as moot, P&G's motion for preliminary injunction (Doc. 8) and the Motion for Sur-Reply (Doc. 28). (Doc. 36). Because the Court did not rule on the merits of P&G's motion for preliminary injunction, whether or not the briefs are sealed are of little consequence for purposes of this litigation. In any event, the Court puts on this Order to ensure that its docket remains in compliance with the Sixth Circuit's mandate that court records are to be public absent compelling reasons for concealment.

## II. STANDARD

A district court's decision to seal court records is reviewed for an abuse of discretion. *Klingenberg v. Fed. Home Loan Mortg. Co.*, 658 Fed. Appx. 202, 207 (6th Cir. 2016) (citing *Shane Grp. Inc. v. Blue Cross Blue Shield*, 825 F.3d 299, 306 (6th Cir. 2016)). However, "the district court's decision is not accorded the deference that standard normally brings." *Id.*

That is because there is a "stark" difference between, on one hand, the propriety of allowing litigants to exchange documents in secret, and on the other, allowing litigants to shield those documents which are ultimately relied on in the Court's adjudication from public view. *See Shane Grp.*, 825

F.3d at 305. Parties are typically entitled to a "protective order" limiting disclosure of documents in discovery upon a mere showing of good cause. *Id.* However, "very different considerations apply" when these materials are filed in the public record. *Id.*

Unlike information merely exchanged between the parties, the public has a strong interest in obtaining the information contained in the court record. *Id.* That interest rests on several grounds. First, the public has an interest in understanding the litigation's result—whether a right does or does not exist, or a statute is or is not constitutional. *Id.* Second, the public has an interest in knowing the conduct which gave rise to the dispute. *Id.* Third, the public has an interest in ascertaining what evidence and records the Court relied upon in order to assess for itself the merits of judicial decisions. *Id.*

Accordingly, the Sixth Circuit has required parties wishing to seal documents on the Court's docket to provide "compelling reasons" justifying the seal, and further, to demonstrate that the seal is "narrowly tailored to serve that reason." *Id.* A movant's obligation to provide compelling reasons justifying the seal exists even if the parties agree the filings should be sealed, because litigants cannot waive the public's First Amendment and common law right of access to court filings. *Rudd Equip. Co. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 595 (6th Cir. 2016) (citation omitted).

The "greater the public interest in the litigation's subject matter, the greater the showing necessary to overcome the presumption of access." *Shane Grp.*, 825 F.3d at 305.

## III. ANALYSIS

**A. Ranir's Opposition.**
Ranir initially sought leave to file its Opposition under seal because it cited to, and attached, documents P&G designated as confidential. (Doc. 18). Ranir filed the entire Opposition under seal. (Doc. 21). Ranir did not file a public, redacted version.

**\*3** Now, Ranir has changed its mind and requested that the Court lift the seal on the entire filing. (Doc. 31 at 11). P&G argues the Opposition should be sealed, with a redacted version publicly available on the Court's docket. (Doc. 33 at 3). P&G submitted its proposed redactions to the Court.

WESTLAW © 2026 Thomson Reuters. No claim to original U.S. Government Works. 2

Specifically, P&G proposed redactions to portions of: (1) the deposition of Dennis Legault, P&G's Brand Director for North America Oral Care, including exhibits used in Mr. Legault's deposition testimony (Doc. 21-1); (2) the declaration of Michael Bregenzer, Ranir's General Counsel (Doc. 21-6); (3) the declaration of Greg McCormick, Ranir's Senior Vice President of Global Innovation and Technology (Doc. 21-15); and (4) the Opposition's citations to the aforementioned documents.

Upon review, the Court agrees with P&G's redactions. The redacted portions of these documents include, *inter alia*, P&G's market share data, sales trends and analysis, customer preferences, confidential agreements, pricing strategy, and marketing strategy. P&G states that it maintains this information as confidential, and public disclosure of this information would allow competitors to have an inside look into P&G's business strategies. (Doc. 33 at 8). The Court agrees. The Court finds P&G has set forth compelling reasons in support of its redactions.

Further, P&G's redactions are narrowly tailored. Ranir's Opposition brief is 110 pages; P&G only proposed redactions to 15 pages. (Doc. 21). Ranir filed ten exhibits in support of its Opposition; P&G only proposed redactions to three.

Finally, the public interest will not be harmed by sealing Ranir's Opposition and providing a redacted version on the public docket. P&G's redactions do not conceal matters of great public interest. The Court did not rule on the merits of P&G's motion for preliminary injunction, so the limited redactions are not necessary for the public to evaluate any judicial decision or to understand the result of this litigation. Because the redactions are narrowly tailored, the public can still view the conduct which gave rise to this dispute.

For these reasons, Ranir's request to unseal its Opposition (Doc. 31 at 13) is **DENIED**. P&G's request to seal the Opposition and file a redacted version on the public docket (Doc. 33 at 13-14) is **GRANTED**.

### B. P&G's Reply.
Similarly, P&G requests that the Court seal portions of the Reply. (Doc. 24). P&G filed a complete version of the Reply under seal, which includes annotations signaling the proposed redactions (Doc. 25), and a public, redacted version of the brief (Doc. 26).

Specifically, P&G has proposed that the following information be sealed and redacted from the public docket: (1) portions of the Reply brief which contain sales and marketing data, strategic business plans, and provisions of confidential agreements (Doc. 25); (2) spreadsheets tracking sales trends at various retailers (Doc. 25-1, Ex. 2-4); (3) P&G's confidential marketing strategies and business plans (Doc. 25-1, Ex. 5); (4) a declaration from Paul Sagel, P&G Research Fellow, which contains confidential information about formulas and materials in P&G's products that was filed under seal in another (similar) lawsuit (Doc. 25-1, Ex. 6), and (5) a chart from Mr. Legault's deposition related to his testimony about P&G's financial data (Doc. 25-1, Ex. 7). P&G claims it would be severely harmed if any of this information was disclosed to its competitors, particularly anyone associated with Ranir other than its outside counsel. (Doc. 24 at 3-4).

**\*4** Upon review, the Court agrees with P&G that its proposed redactions include confidential information, including trade secrets, that would harm P&G if made public. Accordingly, the Court finds P&G has set forth a compelling reason for the seal.

The Court further finds that P&G's redactions are narrowly tailored, as P&G only seeks to seal several pages from a 64-page brief.

Finally, for the reasons set forth in Section III.A, *supra*, the Court finds the public interest will not be harmed by sealing portions of P&G's Reply.

For these reasons, P&G's motion to file its Reply under seal (Doc. 24) is **GRANTED**. P&G's redacted Reply brief shall remain on the public docket; the complete document shall remain under seal.

### C. Ranir's Motion to Strike.
On April 28, 2017, Ranir filed a motion to strike portions of P&G's Reply which Ranir argues impermissibly raise new arguments for the first time. (Doc. 28 at 5-8). In the alternative, Ranir requested leave to file a Sur-Reply. (*Id.* at 8). Ranir filed a public version of the proposed Sur-Reply (Doc. 28-1) and a motion to file the complete Sur-Reply under seal (Doc. 27).

On August 17, 2017, the Court entered an Order granting Ranir's motion to dismiss for improper venue. (Doc. 36). As a result, the Court denied, as moot, P&G's motion for

25-04234-tjt    Doc 20    Filed 03/02/26    Entered 03/02/26 10:39:37    Page 20 of 23

preliminary injunction and Ranir's Motion for Sur-Reply. (*Id.* at 11).

Accordingly, Ranir's motion to file its proposed Sur-Reply under seal (Doc. 27) is **DENIED AS MOOT**.

### IV. CONCLUSION

For these reasons:

1. Ranir's request to lift the seal on its Opposition (Doc. 31 at 11-13) is **DENIED**;

2. P&G's request to seal Ranir's Opposition (Doc. 33 at 13-14) is **GRANTED**, and Ranir shall file a public version of its Opposition in accordance with P&G's redactions;

3. P&G's motion to file its Reply brief under seal (Doc. 24) is **GRANTED**; and

4. Ranir's motion to file its proposed Sur-Reply under seal (Doc. 27) is **DENIED AS MOOT**.

**IT IS SO ORDERED**.

**All Citations**

Not Reported in Fed. Supp., 2017 WL 3537195

---

**End of Document**　　　　© 2026 Thomson Reuters. No claim to original U.S. Government Works.

25-04234-tjt   Doc 20   Filed 03/02/26   Entered 03/02/26 10:39:37   Page 21 of 23

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

Joshua Adam Kaplan

      Debtor.

_____/

ZB Verified Investments LLC,

      Plaintiff,

v.

Joshua Kaplan,

      Defendants.

_____/

Chapter 7
Case No. 25-48523-tjt

Hon. Thomas J. Tucker

Adv. P. Case No. 25-4234

## CERTIFICATE OF SERVICE

I hereby certify that on February 27, 2026, my office electronically filed with the Clerk of the Court *Plaintiff's Ex Parte Motion for Leave to Redact and File Portions of Plaintiff's Motion for Summary Judgment Under Seal* and this *Certificate of Service* which sends notices by operation of the Court's electronic filing service to all ECF participants registered to receive notice in this case.

      Respectfully submitted by:

**TAFT STETTINIUS & HOLLISTER, LLP**

Dated: February 27, 2026

      By: /s/ Kimberly Ross Clayson
      Kimberly Ross Clayson (P69804)
      Ethan R. Holtz (P71884)

Emily M. Mayer (P78956)
27777 Franklin, Suite 2500
Southfield, MI 48034
(248) 351-3000
kclayson@taftlaw.com
eholtz@taftlaw.com
emayer@taftlaw.com

*Counsel for Plaintiff, ZB Verified Investments, LLC*