IN THE MATTER OF:

JOSHUA ADAM KAPLAN,

     Debtor.

Case No. 25-48523-tjt
Chapter 7
Judge Thomas J. Tucker

_____/

ZB VERIFIED INVESTMENTS LLC,

     Plaintiff,

Adv. Pro. No. 25-04234-tjt

 vs.

JOSHUA KAPLAN,

     Defendant.

_____/

## DEFENDANT'S MOTION FOR ORDER COMPELLING PLAINTIFF TO COMPLY WITH DISCOVERY AND PRODUCE CERTAIN DOCUMENTS

NOW COMES Defendant, Joshua Kaplan ("Defendant"), by and through his attorneys, OSIPOV BIGELMAN, P.C., and moves this Court for entry of an Order Compelling Plaintiff to Comply with Discovery and Produce Certain Documents, and states as follows:

1. On March 11, 2026, Defendant issued his first set of discovery requests (ECF No. 30).

2. On April 15, 2026, Plaintiff provided **untimely** objections and responses to Defendant's first set of discovery (Interrogatories and Request for

Production of Documents). As the objections were untimely, they were waived. **Exhibit A**.

3. On April 19, 2026, Defendant requested that Plaintiff supplement its untimely responses to discovery as they were deficient. **Exhibit B**.

4. On April 27, 2026, the Defendant renewed its request for the Plaintiff to supplement its discovery. **Exhibit C**.

5. On May 4, 2026, the parties had a meet and confer where the Plaintiff refused to discuss any meaningful resolution of their discovery deficiencies.

6. In particular, Defendant seeks documents set forth in Defendant's Request for Production No. 3, which requests "Any grand jury subpoena that you received from the Federal Government related to Orchard Laboratories and/or Divided Sky and the documents that you produced in response."

7. Plaintiff's response states "Plaintiff objects to this request on the grounds that it is overbroad and is unrelated to the claims at issue in this matter. Answering further, Defendant is in possession of the requested documents."

8. Aside from the baseless objection, the Plaintiff's untimely response is false, as the Defendant is not in possession of the requested documents.

9. To date, Plaintiff has not produced the requested documents.

10. Plaintiff has also refused to produce its client for a deposition and refused to provide dates of availability for depositions of third parties.

11. In compliance with LBR 9014-1(h), undersigned counsel sought concurrence for the relief set forth in this motion. However, concurrence was not granted.

12. In compliance with Fed.R.Civ.P. 37(a)(1), the parties held a meet and confer this morning where the Plaintiff refused to discuss any potential resolution.

13. The documents requested are three weeks overdue and discovery in this case is set to conclude on May 29, 2026.

**Brief in Support**

A motion to compel discovery is proper when a party fails to answer interrogatories or produce documents requested pursuant to applicable discovery rules. *See Fed.R.Bankr.P. 7037, Fed.R.Civ.P. 37(a)(3)(B)(iii)&(iv).* Good Cause exists to compel discovery.

This action stems from a state court breach of contract action in which Plaintiff ZB Verified Investments LLC ("ZB") seeks repayment of a loan from Divided Sky LLC ("Divided Sky"), which Adam Kessler, the majority owner of Divided Sky, Joshua Kaplan, the minority owner of Divided Sky, and Sami Ahmad of Orchard Laboratories Corp. ("Orchard") each guaranteed. Orchard, however, remains a party to a pending arbitration with Divided Sky, in which Divided Sky seeks to recover more than twenty million dollars.

The Plaintiff has failed to produce documents which Defendant believes may

assist in refuting these claims, particularly documents produced in response to a grand jury subpoena received from the federal government. The requested documents are material and relevant to the defense of the adversary proceeding brought by the Plaintiff.

## Conclusion

WHEREFORE, Defendant respectfully requests that this Court enter an appropriate Order Compelling Plaintiff to Comply with Discovery and Produce Certain Documents, in the form attached hereto as **Exhibit 1**.

Respectfully submitted,

**OSIPOV BIGELMAN, P.C.**

Dated: May 6, 2026

/s/ Jeffrey H. Bigelman
JEFFREY H. BIGELMAN (P61755)
Attorneys for Defendant
20700 Civic Center Drive, Suite 420
Southfield, MI 48076
Tel: (248) 663-1800
jhb@osbig.com

# EXHIBIT A

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

Joshua Adam Kaplan

      Debtor.

_____/

ZB Verified Investments LLC,

      Plaintiff,

v.

Joshua Kaplan,

      Defendants.

_____/

Chapter 7
Case No. 25-48523-tjt

Hon. Thomas J. Tucker

Adv. P. Case No. 25-4234

**PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS**

Plaintiff ZB Verified Investments LLC ("Plaintiff" or "ZB"), by and through its attorneys, Taft Stettinius & Hollister LLP, submits its Objections and Responses to Defendant's First Set of Interrogatories and Requests for Production (the "Discovery Requests") as follows:

## GENERAL OBJECTIONS

1. Plaintiff objects to the Discovery Requests to the extent they call for the disclosure of information that is privileged, that constitutes attorney work product or that constitutes or encompasses attorney-client communications.

2. Plaintiff objects to the Discovery Requests to the extent they seek information not in its possession, custody, or control.

3. Plaintiff objects to the Discovery Requests to the extent they seek information that is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence.

4. Plaintiff objects to the extent the Discovery Requests are vague, overbroad, or unduly burdensome.

5. Plaintiff objects to the Discovery Requests to the extent they seek to impose duties and obligations on Plaintiff beyond those imposed by the Federal Rules of Civil Procedure or relevant Court Rules.

6. Plaintiff reserves the right to object to the admissibility of the information disclosed in responses to these Discovery Requests at the time of trial in this matter.

7. Plaintiff objects to the Discovery Requests to the extent they seek information equally available, or more readily available, to Defendant.

8. Plaintiff reserves the right to amend and/or modify these responses in accordance with the Federal Rules of Civil Procedure or relevant Court Rules.

9. Discovery is ongoing. Plaintiff reserves the right to amend these responses as the case progresses.

10. Each of these General Objections are hereby asserted in response to each of the below Discovery Requests without the need for express assertion thereof.

11. Plaintiff's responses to the Discovery Requests are based on information known to Plaintiff at this time, and Plaintiff reserves the right to supplement.

## INTERROGATORIES

**REQUEST NO. 1:** In regard to your claim under Section 523(a)(2)(B), identify the statement(s) in writing that you rely upon which you claim (i) is materially false; (ii) respecting the debtor's or an insider's financial condition; (iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and (iv) that the debtor caused to be made or published with intent to deceive.

**RESPONSE:** In addition to the General Objections, Plaintiff objects to this interrogatory to the extent it seeks information that is equally or more readily available to Defendant. Subject to and without waiving the foregoing objections, Plaintiff responds as follows.

Among other written communications, Defendant, individually and as agent for DSLLC, Supply, and SLIM, made the following materially false statements respecting his and/or an insider's financial condition on which Plaintiff reasonably relied: (a) offering materials provided to ZB's principals with representations regarding Medicaid; (b) a memorandum dated on or about July 5, 2023, falsely

representing that the Medicaid program was "ramping up," that "payment in full has been received on the billings for Michigan," that Verified Health had "exceeded its revenue projections," and a subsequent "Project Income Statement" showing more than $61 million in revenue, $21 million in net income, and no receivables, all of which was false; (c) the personal Guarantees executed by Defendant, which contain express written representations and warranties that Defendant had a minimum net worth of $10,000,000, with at least one-half in assets solely in his name, which representations were false when made; (d) representations that Verified Health had an agreement to receive $1 for every COVID test sold.

Additionally, Defendant made representations that Divided Sky had an agreement with Orchard Laboratories whereby Orchard Laboratories was to pay Divided Sky a profit on all COVID tests sold when no such agreement existed; and representations that there was sufficient funds ($7.5 million) to pay Plaintiff back, that additional revenue was set to be paid out, and material omissions of the CMS investigation.

In further response, Plaintiff refers Defendant to its Motion for Summary Judgment, which specifies additional materially false statements.

**REQUEST NO. 2:** In regard to your claim under Section 523(a)(2)(A), identify what the Defendant did to obtain money, property, services, or an extension,

renewal, or refinancing of credit from the Plaintiff by false pretenses, a false representation, or actual fraud, the date it was done, and how it was made or conveyed, and who it was made to.

**RESPONSE:** In addition to the General Objections, Plaintiff objects to this interrogatory because it seeks information that is equally or more readily available to Defendant. Subject to and without waiving the foregoing objections, Plaintiff responds as follows.

Defendant, together with Kessler, obtained the loan from ZB by, among other things, the following false pretenses, false representations, and actual fraud: In or about April 2023, Defendant and Kessler approached ZB's principals with an investment opportunity in Divided Sky's COVID-19 testing business, representing that the business was successfully selling test kits to Medicare and Medicaid recipients with payments backed by the Federal Government. Defendant and Kessler represented that Verified Health was earning $1 per COVID test and that Divided Sky had an agreement to earn profits when, in fact, they had no agreement whereby they could earn profits sufficient to pay the interest which they agreed to pay. Defendant provided offering materials identifying SLIM as a key participant and falsely describing an established, profitable testing operation. Defendant represented that there was a limited window to participate because the Medicare program was terminating on May 11, 2023, creating urgency to induce the loan. Defendant

5

represented that the business was spending in excess of $750,000 per day on affiliate marketing and that it expected to receive approximately $10 million from CMS. These representations were conveyed to ZB's principals Michael Berger and Jason Zimmerman through written communications and oral statements in or about April 2023, and the loan was funded on April 28, 2023. The fraud continued post-closing: on or about May 30, 2023, Defendant falsely represented that the business had "collected about $20m" and expected "another $22m"; on or about July 5, 2023, the Defendant provided a memorandum and false financial projections concealing the CMS suspension of Medicare payments that had occurred on June 23, 2023; and in early 2024, Defendant personally assured ZB on a recorded phone call that there was "absolutely nothing conveyed to us that there is an issue paying us. Nothing. Nothing close to it" and that they were sitting on $7.5 million to pay ZB and other investors back— despite having known of the CMS suspension and DOJ referral for months. In further response, Plaintiff refers Defendant to its Motion for Summary Judgment.

**REQUEST NO. 3:** In regard to your claim under Section 523(a)(2)(A) and (B) identify for each alleged false pretense, a false representation, or actual fraud how your alleged reliance was reasonable.

**RESPONSE:** In addition to the General Objections, Plaintiff objects to this interrogatory because it seeks information that is equally or more readily available

to Defendant. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: ZB's reliance was reasonable because, among other things, Defendant, individually and as agent for DSLLC, Supply, and SLIM, provided ZB with information purportedly establishing the bona fides of Defendant's and Kessler's business and even touted the success and returns that other supposed investors had reaped. Indeed, Defendant and Kessler used their personal relationships, and credibility of having other investors and/or advisors involved in the project, to induce Plaintiff to loan money. Defendant further provided offering materials and represented that other individuals had loaned money for the venture. In further response, Plaintiff refers Defendant to its Motion for Summary Judgment.

**REQUEST NO. 4:** In regard to your claim under Section 523(a)(4) for Statutory Conversion MCL 600.2919a, identify all funds that you claim that the Defendant converted to his personal use, and evidence that those funds were actually converted to his personal use.

**RESPONSE:** In addition to the General Objections, Plaintiff objects to this interrogatory because it seeks information that is equally or more readily available to Defendant. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: Defendant, individually and as agent for DSLLC, Supply, and SLIM, induced ZB to loan DSLLC $4,850,000. Defendant represented, among other

things, that the money would be used for marketing expenses to capture Medicare and Medicaid patients. By August 2023, over $6 million was transferred from DSLLC to Supply and SLIM, leaving DSLLC a hollow shell. Rather than repaying ZB, the Kessler Defendants repaid Supply more than $6 million and three "insiders" — who had the right to call their loans after 90 days — more than $7 million, all while making false representations to keep ZB from exercising its own call option. In further response, Plaintiff refers Defendant to its Motion for Summary Judgment.

**REQUEST NO. 5:** In regard to your claim under Section 523(a)(4) for Statutory Conversion MCL 600.2919a, identify what separate-and-distinct duty exists separate from the contractual obligations to the Plaintiff, and how the Defendant breached that duty.

**RESPONSE:** In addition to the General Objections, Plaintiff objects to this interrogatory as vague, ambiguous, and to the extent it seeks a legal conclusion. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: Defendant's contractual obligations did not include the duty not to induce Plaintiff to loan money on false pretenses, and the duty to not make fraudulent statements and omissions to induce Plaintiff to keep its money invested. These duties, among others which are the bases for Plaintiff's claims, are separate and

distinct from any breach of contract for failure to repay the loan pursuant to the Note and/or the Guarantees.

**REQUEST NO. 6:** In regard to your claim under Section 523(a)(4) for federal common law embezzlement identify what property was entrusted to the Defendant and how the Defendant misappropriated those funds.

**RESPONSE:** In addition to the General Objections, Plaintiff objects to this interrogatory because it seeks information that is equally or more readily available to Defendant. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: see response to Interrogatory No. 4.

**REQUEST NO. 7:** Identify how the damages you claim against the Defendant are affected by the Settlement Agreement that was made between the Plaintiff, Sami Ahmad, and Orchards Laboratory that was entered into on or about February 27, 2026, and was testified to at the trial in the case captioned ZB Verified Investments, LLC v Kessler, et al., Case #24-207081-CB, Oakland County Circuit Court, during the week of March 2, 2026-March 6, 2026 ("Settlement Agreement")

**RESPONSE:** In addition to the General Objections, Plaintiff objects to this interrogatory to the extent it is unrelated to the claims at issue in this matter. Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

9

pursuant to the Guarantees signed by Defendant and the other guarantors, each guarantor agreed to be jointly and severally, unconditionally and irrevocably obligated to all indebtedness, liabilities and obligations of Divided Sky to ZB. The Settlement Agreement, as defined above, impacts Plaintiff's claims insofar as Defendant's liability is lessened by any amounts actually received by Plaintiff from Ahmad pursuant to the Settlement Agreement. Defendant's specific liability cannot be determined until this Court, and the Oakland County Circuit Court, determines liability on Plaintiff's claims.

**REQUEST NO. 8:** Identify all persons with personal knowledge of the allegations made in the Complaint and a summary of their personal knowledge.

**RESPONSE:** In addition to the General Objections, Plaintiff objects to this interrogatory as unduly burdensome and because it seeks information that is equally or more readily available to Defendant. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: Defendant and Kessler, who have personal knowledge of the loan, representations made to induce Plaintiff and other individuals to loan money, the use of the loan funds, and the failure to repay Plaintiff. Michael Berger and Jason Zimmerman, who have personal knowledge of the loan and the representations made by Defendant and his co-defendants to induce ZB to invest. Lowell Salesin, Esq., who has personal knowledge of the drafting of the loan

documents. Sami Ahmad, who testified under oath that no Medicaid program existed and that Orchard Laboratories never submitted claims for reimbursement to Medicaid. Michael N. Kahaian, CPA/ABV, CFE, CFF, CVA, Plaintiff's expert, who has knowledge of ZB's damages and the valuation of Verified Health.

**REQUEST NO. 9:** Identify all persons who assisted in responding to these discovery requests.

**RESPONSE:** Plaintiff's counsel; Michael Berger.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1:** Produce each and every document that Plaintiff identified or referred to in answering the foregoing Requests for Admissions and the foregoing Interrogatories.

**RESPONSE:** Plaintiff objects to this request on the grounds that it is overbroad and is duplicative of prior requests. Plaintiff further objects to this request because there are no Requests for Admission. Subject to these objections and to the extent this information is discoverable, Plaintiff refers Defendant to the exhibits attached to its Summary Judgment Motion.

**REQUEST NO. 2:** Produce the Settlement Agreement.

**RESPONSE:** Plaintiff objects to this request on the grounds that it is overbroad and is unrelated to the claims at issue in this matter. In further response, Plaintiff will produce the Settlement Agreement subject to the Confidential Protective Order entered in this matter.

**REQUEST NO. 3:** Any grand jury subpoena that you received from the Federal Government related to Orchard Laboratories and/or Divided Sky and the documents that you produced in response.

**RESPONSE:** Plaintiff objects to this request on the grounds that it is overbroad and is unrelated to the claims at issue in this matter. Answering further, Defendant is in possession of the requested documents.

As to objections only,

**TAFT STETTINIUS & HOLLISTER LLP**

/s/ Kimberly Ross Clayson
Kimberly Ross Clayson (P69804)
Ethan R. Holtz (P71884)
Emily M. Mayer (P78956)
27777 Franklin Road, Suite 2500
Southfield, MI 48034
(248) 351-3000
kclayson@taftlaw.com

Dated: April 10, 2026

*Counsel for Plaintiff, ZB Verified Investments, LLC*

# EXHIBIT B

| | |
|---|---|
| **From:** | Jeff Bigelman |
| **To:** | "Clayson, Kim Ross" |
| **Cc:** | Monique Kallabat |
| **Bcc:** | Josh Kaplan |
| **Subject:** | RE: Kaplan: ZB Investments v Kaplan- Discovery Deficiencies |
| **Date:** | Monday, April 27, 2026 9:13:00 AM |
| **Attachments:** | image001.png |

Following up on this, we will need to file a motion to compel if this is not forthcoming.

Sincerely,

## OSIPOV BIGELMAN, P.C.

Jeffrey H. Bigelman, Esq.
20700 Civic Center Drive
Suite 420
Southfield, MI 48076
248.663.1800- Main line
248.663.1801- Facsimile
jhb@osbig.com
www.osbig.com





CONFIDENTIALITY NOTICE:
This email message and any attachments to it, is intended only for the individual or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. If you are the intended recipient, but do not wish to receive communication through this medium, please so advise the sender immediately.

**From:** Jeff Bigelman
**Sent:** Sunday, April 19, 2026 6:00 PM
**To:** Clayson, Kim Ross <kclayson@taftlaw.com>
**Cc:** Monique Kallabat <mk@osbig.com>
**Subject:** Kaplan: ZB Investments v Kaplan- Discovery Deficiencies

Kim-

There are quite a few responses that are problematic but the most is your clients response to the following:

**REQUEST NO. 3:** Any grand jury subpoena that you received from the Federal Government related to Orchard Laboratories and/or Divided Sky and the documents that you produced in response.
**RESPONSE:** Plaintiff objects to this request on the grounds that it is overbroad and is unrelated to the claims at issue in this matter. Answering further, Defendant is in possession of the requested documents.

I have spoken with my client and he is not in possession of the requested documents, so please have your client produce them without further delay.

Thank you.

Sincerely,

**OSIPOV BIGELMAN, P.C.**
Jeffrey H. Bigelman, Esq.
20700 Civic Center Drive
Suite 420
Southfield, MI 48076
248.663.1800- Main line
248.663.1801- Facsimile
jhb@osbig.com
www.osbig.com





CONFIDENTIALITY NOTICE:
This email message and any attachments to it, is intended only for the individual or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. If you are the intended recipient, but do not wish to receive communication through this medium, please so advise the sender immediately.

# EXHIBIT C

| | |
|---|---|
| **From:** | Jeff Bigelman |
| **To:** | "Clayson, Kim Ross" |
| **Cc:** | Monique Kallabat |
| **Subject:** | RE: Kaplan: ZB Investments v Kaplan- Discovery Deficiencies |
| **Date:** | Monday, April 27, 2026 4:04:00 PM |
| **Attachments:** | image001.png |
| **Importance:** | High |

This is the only material discovery issue at this point.

That being said I intend to subpoena for examination the corporate representative of Orchards, so please advise dates that you are available ASAP.

In regard to our response to your MSJ, we are requesting that the date be pushed to after the completion of discovery for the following reasons:

1. Permit the completion of discovery, including your supplementation of your discovery responses
2. Allow for the examination of Orchards
3. Allow the state court additional time to rule upon the Usury issue

Please advise if you will stipulate to the same otherwise I will file a motion with the court.

Sincerely,

## OSIPOV BIGELMAN, P.C.

Jeffrey H. Bigelman, Esq.
20700 Civic Center Drive
Suite 420
Southfield, MI 48076
248.663.1800- Main line
248.663.1801- Facsimile
jhb@osbig.com
www.osbig.com





CONFIDENTIALITY NOTICE:
This email message and any attachments to it, is intended only for the individual or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. If you are the intended recipient, but do not wish to receive communication through this medium, please so advise the sender immediately.

**From:** Clayson, Kim Ross <kclayson@taftlaw.com>
**Sent:** Monday, April 27, 2026 9:18 AM
**To:** Jeff Bigelman <jhb@osbig.com>
**Cc:** Monique Kallabat <mk@osbig.com>
**Subject:** Re: Kaplan: ZB Investments v Kaplan- Discovery Deficiencies

Jeff,

As a reminder a motion to compel is not the next proper step. Do you have any other issues with discovery? You mentioned several issues but then named only one issue. If that is all, I can send you the document. If there is anything else, the appropriate next step is to arrange a meet and confer to resolve this.

Kim

> On Apr 27, 2026, at 9:13 AM, Jeff Bigelman <jhb@osbig.com> wrote:
>
> Following up on this, we will need to file a motion to compel if this is not forthcoming.
>
> Sincerely,
>
> **OSIPOV BIGELMAN, P.C.**
> Jeffrey H. Bigelman, Esq.
> 20700 Civic Center Drive
> Suite 420
> Southfield, MI 48076

248.663.1800- Main line
248.663.1801- Facsimile
jhb@osbig.com
www.osbig.com

&lt;image001.png&gt;

&lt;image002.jpg&gt;

CONFIDENTIALITY NOTICE:
This email message and any attachments to it, is intended only for the individual or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. If you are the intended recipient, but do not wish to receive communication through this medium, please so advise the sender immediately.

**EXHIBIT 1**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN THE MATTER OF:

JOSHUA ADAM KAPLAN,

    Debtor.

_____/

Case No. 25-48523-tjt
Chapter 7
Judge Thomas J. Tucker

ZB VERIFIED INVESTMENTS LLC,

    Plaintiff,

Adv. Pro. No. 25-04234-tjt

 vs.

JOSHUA KAPLAN,

    Defendant.

_____/

*[proposed]*
**ORDER COMPELLING PLAINTIFF TO
<u>COMPLY WITH DISCOVERY AND PRODUCE CERTAIN DOCUMENTS</u>**

THIS MATTER came before the Court pursuant to Defendant's Motion for Order Compelling Plaintiff to Comply with Discovery and Produce Certain Documents, the Court being duly advised in the premises,

**IT IS HEREBY ORDERED** that within 3 days of the entry of this Order the Plaintiff shall produce to Defendant any grand jury subpoena that it received from the Federal Government related to Orchard Laboratories and/or Divided Sky and the documents that it produced in response.

**IT IS FURTHER ORDERED** that Plaintiff shall appear for deposition by Defendant on May 29, 2026, at the law offices of Osipov Bigelman, P.C., 20700 Civic Center Drive, Suite 420, Southfield, MI 48076.

**IT IS FURTHER ORDERED** that Plaintiff shall cooperate with Defendant and provide dates of availability for depositions of third parties.

IN THE MATTER OF:

JOSHUA ADAM KAPLAN,

|  |  |
|---|---|
| | Case No. 25-48523-tjt |
| Debtor. | Chapter 7 |
| _____/ | Judge Thomas J. Tucker |

ZB VERIFIED INVESTMENTS LLC,

      Plaintiff,                        Adv. Pro. No. 25-04234-tjt

 vs.

JOSHUA KAPLAN,

      Defendant.

_____/

## NOTICE OF
## DEFENDANT'S MOTION FOR ORDER COMPELLING PLAINTIFF TO COMPLY WITH DISCOVERY AND PRODUCE CERTAIN DOCUMENTS

Defendant, by and through his counsel, has filed a Motion for Order Compelling Plaintiff to Comply with Discovery and Produce Certain Documents.

**Your rights may be affected**.  **You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case.  (If you do not have an attorney, you may wish to consult one.)**

If you do not want the Court to grant relief requested in the **motion**, or if you want the Court to consider your views on the matter, within fourteen (14) days from the date of service of this notice, you or your attorney must:

1. **File with the Court** a written response or an answer, explaining your position at:[1]

United States Bankruptcy Court
211 West Fort Street, Suite 1700
Detroit, Michigan 48226

If you mail your response to the Court for filing, you must mail it early enough so the Court will **receive** it within the above-referenced time period.

2. **Mail a copy to:**

Jeffrey H. Bigelman, Esq.
OSIPOV BIGELMAN, P.C.
20700 Civic Center Drive, Ste.420
Southfield, MI 48076

**3. If a response or answer is timely filed and served, the clerk will schedule a hearing on the motion and you will be served with a notice of the date, time and location of the hearing.**

**<u>If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought and may enter an order granting that relief.</u>**

Respectfully submitted,

**OSIPOV BIGELMAN, P.C.**

Dated: May 6, 2026

/s/ Jeffrey H. Bigelman
JEFFREY H. BIGELMAN (P61755)
Attorneys for Defendant
20700 Civic Center Drive, Suite 420
Southfield, MI 48076
Tel: (248) 663-1800
jhb@osbig.com

---

[1] Response or answer must comply with F.R.Civ.P.8(b)(c) and (c)

<div align="center">

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

</div>

IN THE MATTER OF:

JOSHUA ADAM KAPLAN,

    Debtor.

_____/

Case No. 25-48523-tjt
Chapter 7
Judge Thomas J. Tucker

ZB VERIFIED INVESTMENTS LLC,

    Plaintiff,

  vs.

JOSHUA KAPLAN,

    Defendant.

_____/

Adv. Pro. No. 25-04234-tjt

<div align="center">

**<u>CERTIFICATE OF SERVICE</u>**

</div>

I hereby certify that on May 6, 2026, I electronically filed:

- Motion for Order Compelling Plaintiff to Comply with Discovery and Produce Certain Documents
- Proposed Order
- Notice of Motion
- Certificate of Service

with the Clerk of the Court, which will provide electronic notice to the following via the CM/ECF System:

Kimberly Ross Clayson on behalf of Plaintiff ZB Verified Investments LLC
kclayson@taftlaw.com,
ttorni@taftlaw.com;DET_Docket_Assist@taftlaw.com;TStorm@taftlaw.com

Respectfully submitted,

**OSIPOV BIGELMAN, P.C.**

Dated: May 6, 2026

/s/ Jeffrey H. Bigelman
JEFFREY H. BIGELMAN (P61755)
Attorneys for Defendant
20700 Civic Center Drive, Suite 420
Southfield, MI  48076
Tel: (248) 663-1800
jhb@osbig.com